UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DYMATIZE ENTERPRISES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| DEFIANCE BRANDS, INC.; | ) |
| DAN MADDOX II; | ) |
| BRIAN BURGDORF | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Dymatize Enterprises, LLC ("Dymatize" or "Plaintiff") for its Complaint against Defendants Defiance Brands, Inc., Dan Maddox II, and Brian Burgdorf (collectively, "Defendants" or individually each "Defendant") respectfully states as follows:

## INTRODUCTION

1. This is an action for trademark infringement of Dymatize's federally-registered trademark under 15 U.S.C. § 1114, for unfair competition under 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition and deceptive trade practices under Tennessee law, based on Defendants' unauthorized use of its Defiance Fuel Logo (defined herein) in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale and sale of the Defiance Fuel Goods (defined herein) in the United States.

2. Dymatize seeks injunctive and monetary relief.

## THE PARTIES

3. Dymatize is a limited liability company organized and existing under the laws of the state of Delaware. Its principal place of business is at 1222 67th Street, Suite 210, Emeryville, California 94608.

4. On information and belief, Defendant Defiance Brands, Inc. is a Tennessee corporation with a principal place of business at 530 Church Street, Suite #B1, Nashville, Tennessee 37219. Defiance Brands, Inc., can be served via their Registered Agent, Nancy W. Stabell, 4535 Harding Pike, Suite 100, Nashville, Tennessee 37205.

5. On information and belief, Defendant Dan Maddox II is an individual with a place of domicile at 749 Adkisson Ln., Nashville, Tennessee 37205.

6. On information and belief, Defendant Brian Burgdorf is an individual with a place of domicile at 1102 Frances Ave., Nashville, Tennessee 37204.

7. On information and belief, at all relevant times Defendant Dan Maddox II and Defendant Brian Burgdorf are and have been the sole owners of Defendant Defiance Brands, Inc.

8. On two separate occasions, Defendant Defiance Brands, Inc. administratively dissolved. Defiance Brands, Inc. first administratively dissolved on August 6, 2019 and was reinstated on August 30, 2019. Defiance Brands, Inc. administratively dissolved for a second time on October 6, 2020 and was reinstated on October 20, 2020. During those two periods between administratively dissolving and reinstatement, Defendant Defiance Brands, Inc. ceased to exist. During those two periods, any actions taken by individual Defendants Dan Maddox II and Brian Burgdorf purportedly on behalf of Defiance Brands, Inc. are attributable solely to Defendants Dan Maddox II and Brain Burgdorf in their respective individual capacities.

9. Plaintiff has contacted Defendants, but received no response.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Lanham Act, 15 U.S.C. § 1052 *et seq.* Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of unfair competition and deceptive trade practices and are joined with substantial and related claims under federal trademark law.

11. This Court further has personal jurisdiction over each Defendant because each Defendant has committed tortious acts in this judicial district giving rise to the claims asserted herein or otherwise established contacts here such that the exercise of personal jurisdiction is proper, including, without limitation, by transacting business in Tennessee. Moreover, on information and belief, Defendant Defiance Brands, Inc. has a principal place of business in Tennessee and is registered to do business in Tennessee, and Defendants Dan Maddox II and Brian Burgdorf are domiciled in Tennessee.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because it is a judicial district in which each Defendant resides; and alternatively because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTS**

13. Dymatize is the owner of U.S. Trademark Registration No. 5147587[1] for the mark D and Design (the "Dymaton Mark" or the "Dymaton Registration") for *dietary and nutritional supplements* (the "Dymatize Goods"), as shown below:

---

[1] A true and correct copy of the Registration Certificate for U.S. Reg. No. 5147587 is attached hereto as Exhibit 1.



The application filing date for the Dymaton Registration is October 8, 2015, and the application claims a first use date for the Dymatize Goods of December 12, 2016. The Dymaton Registration has achieved incontestable status through Dymatize's continuous use of the Dymaton Mark in commerce for at least five consecutive years.

14. Dymatize has used the Dymaton Mark in U.S. commerce since at least as early as December 2016 in connection with *dietary and nutritional supplements*, and Dymatize has developed substantial goodwill in the Dymaton Mark in the United States.

15. Although the Dymaton Mark covered by the Dymaton Registration is not limited to any particular color, Dymatize primarily uses the Dymaton Mark with the color red in its promotions, advertisements, marketing and on Dymatize's dietary and nutritional supplements, as shown below:



16. Through Dymatize's extensive use of the color red with the Dymatize Mark, Dymatize has established considerable goodwill in that color, and Dymatize has established trademark rights in that color used with the Dymaton Mark.

17. On information and belief, Defendants use the following logo on Defendants' products sold throughout the United States:



(the "Defiance Fuel Logo").

18. The Defiance Fuel Logo is used in connection with sports drinks and beverages and powders used in the preparation of sports drinks and sports beverages (the "Defiance Fuel Goods") sold throughout the United States. On information and belief, Defendants first began using the Defiance Fuel Logo in U.S. commerce in connection with the Defiance Fuel Goods in June, 2020. As such, Dymatize has priority of rights in its Dymaton Mark by virtue of using the Dymaton Mark in U.S. commerce prior to any use by Defendants.

19. Defendants use the Defiance Fuel Logo on sports drinks and sports beverages. Examples of the Defiance Fuel Logo used by the Defendants in connection with the Defiance Fuel Goods are shown below:





7



20. Defendant Defiance Brands, Inc. is also the owner of U.S. Trademark Registration No. 6197061[2] for a black-and-white version of the Defiance Fuel Logo (the "Defiance Fuel Registration"), as shown below:



---

[2] A true and correct copy of the Registration Certificate for U.S. Reg. No. 6197061 is attached hereto as Exhibit 2.

21. The goods listed for the Defiance Fuel Registration are *Isotonic sports drinks; powders used in the preparation of isotonic sports drinks and sports beverages; sports beverages*. The application filing date for the Defiance Fuel Registration is February 27, 2020, and the application claims a first use date for its listed goods of June 12, 2020.

22. Dymatize recently became aware of Defendants and Defendants' use of the Defiance Fuel Logo in 2023.

23. Defendants' Defiance Fuel Goods are similar to the Dymatize Goods. Given the substantial goodwill Dymatize has established in the Dymaton Mark, it is inevitable that the Defendants' use of the Defiance Fuel Logo will result in confusion of the purchasing public.

## COUNT I
## INFRINGEMENT OF
## TRADEMARK REGISTRATIONS AGAINST ALL DEFENDANTS
## 15 U.S.C. § 1114

24. Dymatize re-alleges and incorporates by reference the foregoing paragraphs of the Complaint as though set forth fully under this Count.

25. Defendants are using in commerce the Defiance Fuel Logo, which is a reproduction, counterfeit or colorable imitation of the Dymaton Mark in connection with the sale, offering for sale, distribution, and advertising of its goods, on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

26. Defendants' use of the Defiance Fuel Logo is without Dymatize's consent.

27. Defendants' infringement of Dymatize's Dymaton Mark is causing damage and immediate and irreparable harm to Dymatize, which will continue unless Defendants are enjoined by this Court.

## COUNT II
## UNFAIR COMPETITION BY USE OF FALSE AND MISLEADING
## REPRESENTATION AGAINST ALL DEFENDANTS
## 15 U.S.C. § 1125(a)(1)(A)

28. Dymatize re-alleges and incorporates by reference the foregoing paragraphs of the Complaint as though set forth fully under this Count.

29. The Dymaton Mark is inherently distinctive. In addition, as a result of Dymatize's continuous and extensive use of the Dymaton Mark since 2016, the trademark has come to denote Plaintiff's goods.

30. Defendants' use of the Defiance Fuel Logo, which is confusingly similar to the Dymaton Mark, in connection with the Defiance Fuel Goods, constitutes use in connection with Defendants' goods of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Dymatize, or as to the origin, sponsorship, or approval of the Defiance Fuel Goods by Dymatize.

31. Defendants' use of the Defiance Fuel Logo is likely to cause confusion among the relevant purchasing public, thus causing damage to Dymatize. This confusion constitutes immediate and irreparable harm to Dymatize, which will continue unless Defendants are enjoined by this Court.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION AGAINST ALL DEFENDANTS

32. Dymatize re-alleges and incorporates by reference the foregoing paragraphs of the Complaint as though set forth fully under this Count.

33. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the license, affiliation, connection, or association of Defendants with

Dymatize as to the origin, license, sponsorship, or approval of Defendants, their products, and their commercial activities by or with Dymatize, such that Defendants' acts constitute infringement of the Dymaton Mark, misappropriation of the goodwill of the Dymaton Mark, and unfair competition under Tennessee common law.

## COUNT IV
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER
## THE TENNESSEE CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS
### Tenn. Code Ann. § 47-18-104.

34. Dymatize re-alleges and incorporates by reference the foregoing paragraphs of the Complaint as though set forth fully under this Count.

35. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, license, sponsorship, or approval of Defendants, their products, and/or their commercial activities by or with Dymatize and thus constitute unfair or deceptive practices in violation of the Tennessee Consumer Protection Act.

## JURY DEMAND

Dymatize hereby requests a trial by jury of this action on issues so triable.

## PRAYER

Dymatize respectfully requests:

1. That this Court preliminarily and permanently enjoin Defendants and any parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendants:

    a. from using the Defiance Fuel Logo, or any other mark or logo confusingly similar to the Dymaton Mark, or any copy or colorable imitation of the Dymaton Mark, in connection with the sale, advertising or promotion of dietary and nutritional supplements, sports drinks and beverages, and powders used in the preparation of sports drinks and sports beverages;

    b. from using the Defiance Fuel Logo, or any other trademark confusingly similar to the Dymaton Mark in any manner likely to injure Dymatize's business reputation, or to dilute the distinctive quality of the Dymaton Mark;

    c. from using in commerce the Defiance Fuel Logo, or any other mark, symbol, or device or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Dymatize, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Dymatize;

  2. That this Court enter an Order requiring Defendants to abandon U.S. Trademark Registration No. 6197061 within thirty (30) days after entry of the Order;

  3. That this Court enter an Order requiring Defendant to deliver up for destruction any and all labels, signs, prints, packages, wrappers, receptacles, menus, and mass advertising in the Defendants' possession bearing the Defiance Fuel Logo;

  4. That this Court award Dymatize Defendants' profits, any damages sustained by Dymatize, and the costs of bringing this action; and

  5. That this Court award such further and other relief that this Court finds just.

Dated: February 8, 2024                             Respectfully submitted,

/s/ Christopher W. Cardwell
Christopher W. Cardwell (No. 019751)
Gabriel B. Ragsdale (No. 038940)
Gullett Sanford Robinson & Martin PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 921-4240 (telephone)
(615) 256-6339 (fax)
ccardwell@gsrm.com
gragsdale@gsrm.com

Matthew A. Braunel (*pro hac vice forthcoming*)
Brendan M. Bement (*pro hac vice forthcoming*)
Thompson Coburn LLP
One US Bank Plaza
Saint Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (fax)
mbraunel@thompsoncoburn.com
bbement@thompsoncoburn.com

*Attorneys for Plaintiff*